**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HONG KONG LEYUZHEN TECHNOLOGY CO. LIMITED, a Corporation<br><br>Plaintiff,<br><br>v.<br><br>OLIVIAMARK.COM, a Business Entity<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Hong Kong Leyuzhen Technology Co. Limited ("Plaintiff"), by and through its counsel, submits the following Complaint against the Defendant, OliviaMark.com ("Defendant"), and hereby alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff is the owner of all rights, title and interest in the copyright registrations issued by the United States Copyright Office for certain images related to its Rotita Brand (the "Rotita Brand") used in connection with promoting and selling women's apparel (the "Copyright-Protected Photos"), and bearing the copyrights in the following table which constitutes the "Copyright-Protected Photos":

| The 76 Infringed Copyrights | | |
|---|---|---|
| VA0002379881 | VA0002384828 | VA0002414344 |
| VA0002379888 | VA0002384829 | VA0002414347 |
| VA0002379893 | VA0002384838 | VA0002414348 |
| VA0002379894 | VA0002384843 | VA0002414350 |
| VA0002379895 | VA0002384873 | VA0002414362 |
| VA0002379897 | VA0002413488 | VA0002414364 |
| VA0002379904 | VA0002413504 | VA0002414390 |
| VA0002379911 | VA0002413679 | VA0002414392 |

| VA0002379930 | VA0002413692 | VA0002414393 |
| --- | --- | --- |
| VA0002379934 | VA0002413737 | VA0002414402 |
| VA0002380491 | VA0002413747 | VA0002414404 |
| VA0002380492 | VA0002413807 | VA0002414405 |
| VA0002381070 | VA0002413976 | VA0002414407 |
| VA0002381072 | VA0002413985 | VA0002414411 |
| VA0002381109 | VA0002413992 | VA0002414416 |
| VA0002381115 | VA0002414192 | VA0002414529 |
| VA0002381157 | VA0002414214 | VA0002414564 |
| VA0002381168 | VA0002414215 | VA0002414618 |
| VA0002381213 | VA0002414223 | VA0002414676 |
| VA0002381219 | VA0002414225 | VA0002414682 |
| VA0002381842 | VA0002414228 | VA0002414688 |
| VA0002382152 | VA0002414248 | VA0002414710 |
| VA0002382271 | VA0002414260 | VA0002414720 |
| VA0002382273 | VA0002414330 | VA0002414725 |
| VA0002384827 | VA0002414337 | VA0002414728 |
|  |  | VA0002414744 |

2. Plaintiff filed this action to combat Defendant's egregious copyright infringement, which trades upon Plaintiff's reputation, goodwill, and valuable copyrights, including the Copyright-Protected Photos, to sell competing products of inferior quality.

3. The defendant sells its competing products at prices generally lower than genuine Rotita items.

4. Plaintiff solely uses the Copyright-Protected Photos to advertise, display, and sell its genuine Rotita Brand products on its fully owned, operated, and controlled company website.

5. The Defendant advertises, markets, and sells its competing products that feature Plaintiff's Copyright-Protected Photos by referencing the same photographs and 3-D artwork associated with genuine Rotita Brand products. This leads to further confusion and deception in the marketplace as to the origin of these photos.

6. Plaintiff brings this action to address Defendant's unauthorized use of its Copyright-Protected Photos to sell inferior, competing products, and to protect unwitting consumers from purchasing these inferior products online.

7. The plaintiff has suffered and continues to suffer irreparable harm, including consumer confusion, reputational damage, market disruption, competitive disadvantage, and loss of licensing opportunities due to the Defendant's actions. Therefore, Plaintiff seeks both injunctive and monetary relief.

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

9. This Court has jurisdiction over the unfair deceptive trade practices claim in this case, which arises under Illinois law, pursuant to 28 U.S.C. § 1367(a), because the state law claims are so closely related to the federal claims that they are part of the same case or controversy and derive from a common nucleus of operative facts.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. This Court may properly exercise personal jurisdiction over Defendant, since Defendant directly targets consumers in Illinois, through its website.

11. Specifically, Defendant is attempting to do business with Illinois residents by running one or more commercial, interactive internet stores or websites, where residents can buy inferior products that are advertised using Plaintiff's Copyright-Protected Photos.

12. The Defendant has targeted sales at Illinois residents by operating a website that ships to Illinois and accepts payment in U.S. currency.

13. The defendant has used the plaintiff's copyright-protected photos without permission to sell competing products of lower quality to residents of Illinois.

14. The Defendant is committing tortious acts within Illinois while engaging in interstate commerce.

15. The Defendant wrongfully caused substantial injury to the Plaintiff in Illinois.

16. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(2) and 1400(a) because the Defendant has committed copyright infringement within this district and conducts business here.

## THE PARTIES

17. Plaintiff is a corporation organized under the laws of the People's Republic of China ("China"). It owns the Copyright-Protected Photos allegedly infringed by the Defendant in this case. Attached as Exhibit 1 are true and accurate copies of the federal copyright registration for the Copyright-Protected Photos and the Copyright Public Records Data.

18. Plaintiff founded its Rotita Brand in 2009, which is dedicated to women's fashion apparel and serves consumers in the United States and worldwide.

19. Plaintiff designed, caused to subsist in material form, and first published the Copyright-Protected Photos of its fashion collections on its website employing the Rotita Brand in its URL.

20. Over the years, Plaintiff has worked hard to establish success and recognition for high-quality women's apparel internationally and in the United States.

21. The Plaintiff has invested significant time, money, and other resources in developing, advertising, and promoting its Rotita Brand.

22. The Rotita Brand is well known and highly regarded for quality products by consumers, the public, and the trade.

23. Plaintiff owns all rights, including but not limited to, the rights to reproduce the Copyright-Protected Photos in copies, create derivative works based on the copyrighted works, and distribute copies of the copyrighted works to the public through sale, transfer of ownership, rental, lease, or lending.

24. The Plaintiff has neither licensed nor authorized the Defendant to use the Copyright-Protected Photos.

25. Defendant is not an authorized retailer of the Plaintiff's genuine Rotita Brand products.

26. Defendant has offered to sell, has sold, and continues to sell competing products in this judicial district, by displaying the Copyright-Protected Photos without authorization on its website. See Exhibit 2, providing a side-by-side comparison of the original images copyrighted by the plaintiff and the images on Defendant's website.

27. In similar cases, defendants have concealed their identities and the full scope of their counterfeiting operations to prevent plaintiffs and courts from discovering their true identities and the full extent of their illegal counterfeiting activities.

28. While the Defendant claims publicly to be a company in Seattle, Washington, the claimed address is an abandoned, boarded-up space between a restaurant and a parking garage, and across from empty lots. See Exhibit 3.

29. The Defendant's residency, citizenship, and address are unknown.

30. Defendant is believed to be a foreign entity manufacturing clothing in China as their products bear the tags "Made in China." Defendant's alleged United States affiliation is

unverified. OliviaMark.com does not maintain a Registered Agent or is registered as an entity with a Secretary of State within the United States.

31. Although the Plaintiff believes the Defendant is a foreign entity in China because of the fake address and the clothing being made in China, the Plaintiff can only say that the addresses checked for the Defendant during an extensive pre-suit investigation were not valid, even though they were searchable at the Better Business Bureau.

32. The Defendant misappropriates Plaintiff's Copyright-Protected Photos of its authentic Rotita brand women's clothing and uses them in advertising for inferior, unauthorized products sold through its online store, misleading consumers into thinking their purchases come from an authorized and genuine source.

## DEFENDANT'S UNLAWFUL CONDUCT

33. The success of Plaintiff's Rotita Brand has led to the intentional copying of Plaintiff's Photos to encourage sales for competing products, and the sale and offering for sale of those products are through the unauthorized use of the Copyright-Protected Photos.

34. Defendant conducts its illegal operations through its website.

35. On its website, Defendant displays Plaintiff's Copyright-Protected Photos.

36. Upon information and belief, and at all times relevant to this matter, the Defendant knew that the Plaintiff owns the Copyright-Protected Photos, including the exclusive rights to use and license the Rotita Brand and its associated goodwill.

37. Defendant uses the Plaintiff's Copyright-Protected Photos to promote its competing products.

38. Based on information and belief, Defendant deceives unaware consumers by using Plaintiff's Copyright-Protected Images on Defendant's website without authorization to steal business from Plaintiff.

39. Upon information and belief, Defendant maintains offshore bank accounts and regularly moves funds to bank accounts outside the jurisdiction of this Court.

40. Defendants' use of Plaintiff's copyrighted photos in connection with advertising, marketing, distribution, offering for sale, and selling competing products of inferior quality is likely to cause confusion, mistakes, and deception among consumers and is irreparably damaging the Rotita Brand.

41. Defendant has manufactured, imported, distributed, offered for sale, and sold its inferior products using the Copyright-Protected Photos without authorization and will continue to do so unless this Court issues a temporary, preliminary, and permanent restraining order.

42. Defendant, without authorization or license from Plaintiff, knowingly and willfully used and continues to use the federally registered Copyright-Protected Photos in connection with advertising, offering for sale, and selling competing products.

43. Upon information and belief, Defendant will continue to infringe Plaintiff's Copyright-Protected Photos to sell inferior competing products unless preliminarily and permanently enjoined.

44. The defendant's unauthorized use of the Copyright-Protected Photos in connection with advertising, distribution, offering for sale, and selling poor-quality products in Illinois is likely to cause and has already caused confusion, mistakes, and deception among consumers.

45. Defendant's unauthorized use of the Copyright-Protected Photos is irreparably harming the goodwill and intrinsic value of Plaintiff's Rotita Brand.

46. Unless enjoined, the Defendant's infringing conduct will continue to cause irreparable harm to the Plaintiff.

## COUNT I
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, et seq.)

47. Plaintiff repeats, realleges, and incorporates by reference herein its allegations contained in paragraphs 1 through 46, above.

48. Plaintiff's Copyright-Protected Photos have significant value and have been produced and created at considerable expense.

49. Plaintiff holds all exclusive rights, including, but not limited to, the rights to reproduce the Copyright-Protected Photos in copies, create derivative works based on the copyrighted work, and distribute copies of the copyrighted work to the public through sale, transfer of ownership, rental, lease, or lending.

50. The Defendant has sold, offered to sell, marketed, distributed, and advertised, and continues to do so, products using the Copyright-Protected Photos without the Plaintiff's permission, authorization, consent, or license.

51. The Defendant has directly copied the Copyright-Protected Photos and used them without permission to advertise, promote, offer for sale, and sell low-quality competing products.

52. As examples, Defendant deceives unknowing consumers by using, without authorization, the Copyright-Protected Photos to attract customers as follows:

53. Defendant's unauthorized use of Copyright-Protected Photos to advertise, offer for sale, and sell inferior products on Defendant's Online Store constitutes copyright infringement.

54. Based on information and belief, Defendant's infringing acts were willful, deliberate, and carried out with prior notice and knowledge of the Copyright-Protected Photos.

55. Defendant either knew or should have reasonably known that the Copyright-Protected Photos are subject to federal copyright protection.

56. As a direct and immediate result of their unauthorized and infringing actions, the Defendant has obtained and continues to benefit from both direct and indirect profits and other advantages that rightfully belong to the Plaintiff—benefits they would not have received without infringing on the Plaintiff's Copyright-Protected Photos.

57. Accordingly, Plaintiff seeks an award of damages pursuant to 17 U.S.C. § 504.

58. In addition to actual damages, Plaintiff is entitled to receive the profits made by Defendant from its wrongful acts, pursuant to 17 U.S.C. § 504(b).

59. Defendant should be required to account for all gains, profits, and advantages derived by Defendant from its acts of infringement.

60. In the alternative, Plaintiff is entitled to and may elect to choose statutory damages pursuant to 17 U.S.C. § 504(c).

61. Statutory damages, if elected, should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendant's willful copyright infringement.

62. Plaintiff is entitled to injunctive relief under 17 U.S.C. § 502, enjoining any use or exploitation by Defendant of its infringing work, and for an order under 17 U.S.C. § 503 that any of Defendant's infringing products be impounded and destroyed.

63. Plaintiff seeks and is also entitled to recover reasonable attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

64. If the Defendant's actions are not enjoined, the Plaintiff will keep experiencing irreparable damage to the reputation and goodwill of their well-known Rotita Brand.

65. The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff significant and irreparable injury that cannot fully be compensated or measured monetarily.

66. Plaintiff has no adequate remedy at law, because monetary damages will be insufficient.

67. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief to prevent Defendant from further infringing the Copyright-Protected Photos and to order Defendant to destroy all unauthorized copies. Any copies, plates, or other embodiments of the copyrighted works from which copies can be made—if any—should be impounded and forfeited to Plaintiff as instruments of infringement. Additionally, all infringing copies made by Defendant should be seized and forfeited to Plaintiff under 17 U.S.C. §503.

## COUNT II
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS § 510/1, et seq.)

68. Plaintiff repeats, realleges, and incorporates by reference herein its allegations contained in paragraphs 1 through 46, above.

69. The Defendant has engaged in acts that violate Illinois law, including, but not limited to, passing off its competing products as those of Plaintiff's Rotita Brand by using the Copyright-Protected Photos without authorization, which creates a likelihood of confusion or misunderstanding regarding the source of the goods.

70. Defendant also causes a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine Rotita Brand products, and engages in other conduct which creates a likelihood of confusion or misunderstanding among the public.

71. Defendant has used Plaintiff's Copyright-Protected Photos without permission to promote Defendant's Online Store by displaying them to sell inferior products, misleading consumers into believing these products are authentic Rotita Brand items.

72. The acts described above by the Defendant constitute a deliberate violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1, et seq.

73. Plaintiff is entitled to the recovery of damages and attorneys' fees as authorized by statute.

74. Plaintiff has no adequate legal remedy to address the Defendant's actions, which have damaged the reputation and goodwill of its Rotita Brand.

75. Unless restrained by the Court, Plaintiff will continue to suffer irreparable harm in the future as a direct result of Defendant's unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, though, under, or in active concert with Defendant be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. Using Plaintiff's Copyright-Protected Photos or any reproductions, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Rotita Brand product or is not authorized by Plaintiff to be sold in connection with its registered copyrights:

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Rotita Brand product or any other product produced by Plaintiff by using the Copyright-Protected

Photos to sell and offer for sale such products that are not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff;

  c. committing any acts calculated to cause consumers to believe that Defendant's inferior products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff or its Rotita Brand;

  d. further infringing the Copyright-Protected Photos and damaging Plaintiff's Rotita Brand's reputation and goodwill;

  e. otherwise competing unfairly with Plaintiff through the unauthorized use of the Copyright-Protected Photos in any manner;

  f. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory sold or offered for sale through the unauthorized use of the Copyright-Protected Photos;

  g. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant's website or any other domain name or online marketplace account that is being used to sell or is the means by which Defendant could continue to sell competing products through the unauthorized use of the Copyright-Protected Photos; and

  h. operating and/or hosting websites and any other domain names registered or operated by Defendant that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product through the unauthorized use of the Copyright-Protected Photos.

  2. That Defendant, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendant has complied with paragraph 1 above;

3.        Entry of an Order that, upon Plaintiff's request, those in privy with Defendant and those with notice of the injunction, including hosts for Defendants' websites and domain name registrars, shall:

a.        disable and cease providing services for any accounts through which Defendant engages in the sale of knockoff Rotita Brand products by using, without authorization, the Copyright-Protected Photos;

b.        disable and cease displaying any advertisements used by or associated with Defendants that display the Copyright-Protected Photos; and

c.        take all necessary steps to prevent links to Defendant's Online Store from displaying in search results, including, but not limited to, removing links to Defendant's domain names from any search index.

4.        That Defendant account for and pay to Plaintiff all profits realized by their unauthorized use of the Copyright-Protected Images.

5.        In the alternative, that Plaintiff be awarded statutory damages of not less than $750 and not more than $30,000 for each infringement of the Copyright-Protected Photos pursuant to 17 U.S.C. § 504(c), which should be enhanced to a sum of not more than $150,000 by 17 U.S.C. § 504(c)(2) because of Defendant's willful copyright infringement.

6.        That Defendant, to the extent not enjoined for violation of the Copyright Act, be temporarily, preliminarily, and permanently enjoined under 815 ILCS § 510/1, et seq.

7.        That Plaintiff be awarded attorneys' fees and costs damages as authorized by statute under 815 ILCS § 510/1, et seq.

8.        That Plaintiff be awarded its reasonable attorneys' fees and costs; and

9.        Award any other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff also demands a trial by jury of all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Dated: September 17, 2025            Respectfully Submitted

By: */s/ Joshua H. Sheskin, Esq.,*
Joshua H. Sheskin (FL Bar No. 93028)
Katherine M. Kuhn (Bar No. 6331405)
Joseph Droter (Bar No. 6329630)
Nihat Deniz Bayramoglu (NV Bar No. 14030)
Nazly A. Bayramoglu (NM Bar No. 151569)
**BAYRAMOGLU LAW OFFICES LLC**
233 S. Wacker Drive, 44th Floor, #57
Chicago, IL 60606
Tel: (702) 462-5973
Fax: (702) 553-3404
Joshua@bayramoglu-legal.com
Katherine@bayramoglu-legal.com
Joseph@bayramoglu-legal.com
deniz@bayramoglu-legal.com
nazly@bayramoglu-legal.com
*Attorneys for Plaintiff*